IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LUISA RIVERA LUGARO,

    Debtor(s).

Case No. 98-05284 (ESL)

Chapter 11

LUISA RIVERA LUGARO,

    Plaintiff(s),

v.

Dr. JOHNNY RULLAN, M.D.; DR. JOSE CARLO, M.D.; DR. HERIBERTO PAGAN, M.D.; DR. ALBERTO SANCHEZ, M.D.; the PUERTO RICO AND THE CARIBBEAN CARDIOVASCULAR CENTER and WILFREDO SEGARRA, Trustee;

    Defendant(s).

Adversary Proceeding No. 04-00311

**FILED & ENTERED**

**JUL 2 9 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

This adversary proceeding is before the court upon defendants' motion to stay proceedings before the Superior Court of the Commonwealth of Puerto Rico, and plaintiff's opposition thereto. Defendants' allegations are primarily based on their contention that plaintiff Luisa Rivera Lúgaro (Rivera) does not have standing to prosecute the actions pending before the U.S. District Court for the District of Puerto Rico (03-1139 [JP]) and the Superior Court of the Commonwealth of Puerto Rico (KPE 2003-0284), because the civil actions were filed after she filed a bankruptcy petition, and, thus, the same belong to the chapter 7 estate. The court notes that the chapter 7 trustee, who is the representative of the estate with capacity to sue and be sued pursuant to 11 U.S.C. § 323(a) and (b) has not intervened in the controversy, even though he is named as a defendant in the instant complaint for declaratory judgment.

### Background

In order to place the issue in its proper perspective a procedural background is appropriate.

1. <u>Non bankruptcy actions</u>.

On February 3, 2003, Ms. Rivera filed actions before the U.S. District Court for the District of Puerto Rico, Civil No. 03-1139 (JP) (District Court), and before the Superior Court of the Commonwealth of Puerto Rico, No. KPE 03-0284, for unlawful termination of employment, violations to her First Amendment rights and the Whistleblower Act, employment discrimination on the basis of gender, and equal pay claims. Both actions arise from her termination on March 1, 2002.

On October 4, 2004, the District Court entered an endorsed order directing the parties to present to the bankruptcy court the issue regarding who is the proper party to pursue plaintiff's (Rivera's) causes of action. The District Court's order stems from defendants' allegations that the proper party is the chapter 7 trustee as the representative of the bankruptcy estate.

2. <u>The instant adversary proceeding</u>.

As a result of the District Court's order, on December 30, 2004, Rivera filed an adversary proceeding before this court for a declaratory judgment to the effect that pursuant to 11 U.S.C. § 348(f) the causes of action before the District Court in Case No. 03-1139 (JP) belong to Rivera and are not property of the bankruptcy estate.

The court notes that the complaint clearly sets forth the legal basis for the request. (See Part IV of the complaint, Applicable Law). Particularly how the provisions of 11 U.S.C. § 348(f) were amended in 1994.

In addition to the motion for stay of proceedings and its opposition, there is also pending before the court a motion to dismiss filed by the defendants, and plaintiff's opposition thereto. Defendants allege that 11 U.S.C. § 348(f)(2) is applicable because debtor's conversion of the bankruptcy case to chapter 7 was made in bad faith. Defendants also allege that the cause of action is property of the estate pursuant to 11 U.S.C. § 348(f)(1). Plaintiff's oppose expanding on the legal basis of the complaint and denying that conversion was in bad faith.

3.  Bankruptcy petition.

On April 22, 1998, the debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. On August 12, 1998, the court confirmed the chapter 13 plan dated June 4, 1998. (See Transcript of hearing, Dkt. #22). After the confirmation of debtor's chapter 13 plan, a series of controversies with debtor's former spouse, Mr. José Carrasquillo Montañez, a debtor in case number 98-02133, were presented and heard by this court. The controversies centered on the division of the conjugal society and Mr. Carrasquillo's request for the payment of administrative expenses.

On October 11, 2001, the Chapter 13 trustee moved the court to dismiss or convert the case because both debtors, Rivera and Carrasquillo, had failed to settle and determine how to pay secured claims on properties owned jointly, making the cases impossible to manage. Rivera opposed. A hearing was scheduled. At the hearing held on March 19, 2002, the debtor was ordered to file an amended chapter 13 plan that would pay in full all creditors, or to show cause why the case should not be converted to chapter 7, as the bankruptcy estate had equity to pay unsecured creditors. See Minutes, Dkt. #63, and transcripts of the hearings, Dkt. nos. 64, 65, 66 and 67. The debtor filed an amended plan and the Chapter 13 trustee opposed the same. A hearing was scheduled to consider all pending matters.

At the hearing held on September 9, 2002, the court, over the debtor's objection, converted the case to chapter 7. The court converted the case to chapter 7 due to debtors' (both Rivera and Carrasquillo) unwillingness and inability to comply with a chapter 13 plan that would pay unsecured creditors their claims through the sale of properties. See Transcript of hearing, Dkt. #84.

Thereafter, the chapter 7 trustee has prosecuted the case by liquidating the estate and objecting claims.

### Discussion

The key legal provision to the present controversy is 11 U.S.C. § 348(f):

> (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title-

- 3 -

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

At the outset, the court finds that section 348(f)(2) is not applicable as the debtor did not move for conversion to chapter 7. It was the Chapter 13 trustee who moved for conversion, and the court converted the case over debtor's objection. Moreover, the reasons for the conversion were not grounded on bad faith. In fact, bad faith was not an issue, as can be seen from the transcripts of the hearings heading to the conversion.

We must then determine the applicability of section 348(f)(1). There are four critical dates: April 22, 1998, when the voluntary chapter 13 petition was filed; March 1, 2002, when debtor was terminated; September 9, 2002, when the case was converted to chapter 7; and, February 3, 2003,when the civil actions were filed. These dates clearly show that the cause of action arose in March 1, 2002, that is, while the case was in chapter 13, and before it was converted to chapter 7.

After 1994 the law is clear. Property acquired after filing a chapter 13 petition and before conversion to chapter 7 is property of the debtor, and is not property of the estate. 3 Lawrence P. King, et al., Collier on Bankruptcy, ¶ 348.02 (15th Edition Revised 2005); In re Young, 66 F.3d 376 (1st Cir. 1995). The only doubt after 1994 may lie in what to do with undistributed plan payments. That is not the case.

### Conclusion

In view of the foregoing, the court rules as follows:

1.      The motion to stay proceedings is denied as Ms. Rivera may prosecute the cause of action on her behalf.

- 4 -

2.     Defendants' motion to dismiss is denied.

3.     Plaintiff is entitled to a declaratory judgment finding that a cause of action that accrues after the filing of a chapter 13 petition and prior to conversion to chapter 7 is property of the debtor and not property of the estate.

4.     The Clerk shall enter judgment as to number 3.

5.     The court finds that defendants' position is frivolous, and their insistence, after the clear legal exposition in the complaint, as well as the opposition to the motion to dismiss, is contumacious. Consequently, the court awards costs and attorneys' fees to plaintiff. Plaintiff shall file a detailed statement of attorneys' fees and costs within ten (10) days from notice of this order.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of July, 2005.

_____

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

cc: Debtor/Plaintiff
Llovet Otero
Hey Maestre
Nazario de la Rosa
Vera Ramirez
Algarra Miranda
U. S. Trustee

BNC
7/29/2005

- 5 -